IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 3:05-CR-24
)
ABIGAIL MERRIMAN )

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation [doc. 23]. The government has filed a response [doc. 24], and a transcript of the suppression hearing has been prepared and filed [doc. 25]. For the reasons discussed below, the defendant's objections will be overruled.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

In her motion to suppress, the defendant argues that the evidence seen and taken during the September 24, 2004 search should be suppressed; that the evidence seized pursuant to a search warrant on September 27, 2004, should be suppressed; and that her statements made on October 2, 2004, should be suppressed as fruits of the poisonous tree. The magistrate judge recommended that none of the evidence be suppressed because there was a valid consent to search on September 24, 2004; that the affidavit supporting the search warrant for the September 27, 2004 search was sufficient; and, given that the two prior searches were lawful, her statements on October 2, 2004, were admissible.

There is no objection to the facts as found by the magistrate judge and they will not be reiterated here. The defendant first objects to the magistrate judge's finding that her consent was voluntary and not coerced. She says that it is evident that she was coerced because she was asked three different times about consenting to the search. The court agrees with the magistrate judge that the defendant was not coerced into consenting to the search. Officer Lodwick was very careful to make sure that the defendant understood that she did not have to consent, but that she could because she lived there, and she should if she did not have anything to hide. For example, when the defendant made a remark, about five minutes after consenting, to the effect that she might as well consent because the officers were going to search anyway, Officer Lodwick

2

stopped his search, talked again with the defendant, and called his police chief who came to scene and explained to the defendant that she did not have to consent. Nevertheless, the defendant agreed once again to allow the officers to search. The court finds that this is not coercion, and that the defendant's consent was voluntary and knowing.

The defendant's second objection is related to two statements in the affidavit prepared by Officer Lodwick in support of the search warrant. The first objection concerns a statement about the defendant having a prior conviction for manufacturing methamphetamine. This statement turned out to be incorrect; she was actually convicted of possession of methamphetamine. The magistrate judge found, and this court agrees, that even if this statement in the affidavit is omitted, there was more than sufficient probable cause to support the issuance of the search warrant.

The other statement about which the defendant complains is: "several other convicted felons with drug charges have been seen at the residence." The defendant argues that this statement is ambiguous because it is not clear who has seen these "other convicted felons." The magistrate judge found that the language in the search warrant shows that it was the affiant, Officer Lodwick, who had seen the other convicted felons, as he testified at the suppression hearing. This court agrees with this conclusion.

3

The defendant's last objection concerns the magistrate judge's finding that the defendant's statements on October 2, 2004, need not be suppressed because the two prior searches were lawful. This court has agreed with the magistrate judge that the two prior searches were lawful; thus, her October 2, 2004 statements need not be suppressed.

This court has carefully reviewed the report and recommendation, the pleadings, and the transcript of the sentencing hearing, and **ADOPTS** the report and recommendation [doc. 22] in its entirety. It is hereby **ORDERED** that the defendant's objections [doc. 23] are **OVERRULED**, and the defendant's motion to suppress evidence [doc. 16] is **DENIED**.

ENTER:

　　　*s/ Leon Jordan*　　
United States District Judge